AO 91 (Rev. 11/11) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Central District of California

United States of America

v.

RENE AMBRIZ,

Defendant

Case No. SA19-934M

FILED
CLERK, U.S. DISTRICT COURT
DEC - 6 2019
CENTRAL DISTRICT OF CALIFORNIA
BY                    DEPUTY

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief. On or about the date of October 30, 2019 in the county of Orange in the Central District of California, the defendant violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 922(g)(1) | Felon in Possession of a Firearm |

This criminal complaint is based on these facts:

*Please see attached affidavit.*

☒ Continued on the attached sheet.

/S/
Complainant's signature

Farshid Hashempour, Task Force Officer, FBI
Printed name and title

Sworn to before me and signed in my presence.

Date: 12/6/19

City and state: Santa Ana, California

AUTUMN D. SPAETH
Judge's signature

Hon. Autumn D. Spaeth, U.S. Magistrate Judge
Printed name and title

LODGED
2019 DEC -6 PM 2:40
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
SANTA ANA
BY

# AFFIDAVIT

I, Farshid Hashempour, being duly sworn, hereby declare and state as follows:

## I. INTRODUCTION

1. I am a Detective with the Santa Ana Police Department ("SAPD") and also a federally deputized Task Force Officer ("TFO") presently working with the Federal Bureau of Investigation ("FBI"). As a TFO with the FBI, I am an investigative or law enforcement officer of the United States within the meaning of 18 U.S.C. § 2510(7), and I am empowered by law to conduct investigations and make arrests for offenses enumerated in 18 U.S.C. § 2516.

2. I am assigned to the Orange County Violent Gang Task Force ("OCVGTF"). The OCVGTF is composed of federal and local law enforcement agencies, including, but not limited to, the FBI, the SAPD, and detectives from the Anaheim Police Department. The OCVGTF is responsible for, among other things, investigating violations of federal law committed by criminal street gangs, the Mexican Mafia, and other violent criminal organizations in Orange County. Prior to this assignment with the FBI, I was a SAPD Police Officer and have been so employed for approximately eighteen years.

3. I have specialized training and experience in investigations of narcotics trafficking and criminal street gangs. During my tenure as a Police Officer, as well as an FBI TFO, I have conducted and participated in numerous investigations

of criminal activity, specifically including narcotics trafficking and violent offenses committed by street gangs. Since joining the OCVGTF in 2010, I have specialized in investigations of the Mexican Mafia and its subordinate gangs in Orange County. As a part of these investigations, I have also learned about the drug trafficking organizations that supply street gangs with illegal narcotics.

## II. PURPOSE OF AFFIDAVIT

4. This affidavit is made in support of a criminal complaint against and arrest warrant for RENE AMBRIZ ("AMBRIZ"), for a violation of Title 18, United States Code, Section 922(g)(1) (felon in possession of a firearm).

5. The facts set forth in this affidavit are based upon information obtained from other law enforcement personnel, my personal knowledge, and my training and experience. This affidavit is intended to show merely that there is sufficient probable cause for the requested complaint and warrant, and does not purport to set forth all of my knowledge of or investigation into this matter. Unless specifically indicated otherwise, all conversations and statements described in this affidavit are related in substance and in part only.

## III. SUMMARY OF PROBABLE CAUSE

6. On October 30, 2019, SAPD Gang Detectives G. Bodnar and E. Martinez were working together in a marked unit in a Gang Suppression capacity. At approximately 5:00 p.m., the SAPD Detectives were driving through a known gang neighborhood when

they observed a vehicle with tinted windows back out of the driveway of a residence. The Detectives initiated a traffic stop on the vehicle for the tinted front windows, a violation of the California Vehicle Code. The Detectives approached the vehicle and contacted the driver, identified as AMBRIZ. While speaking to AMBRIZ, one of the Detectives observed in plain view a speed loader containing ammunition on the center console of the vehicle. A speed loader is a device used to reduce the time and/or effort needed to reload a firearm. AMBRIZ and his passenger were removed from the vehicle and handcuffed while the Detectives conducted a search of the vehicle.

7. During the search of the vehicle, Detectives found that the speed loader held six rounds of .357 caliber ammunition. As they continued to search the vehicle, a silver Smith and Wesson revolver, bearing serial number 9K9736, was found under the driver's seat of the vehicle. The Detectives conducted an interview of the passenger in the vehicle who denied seeing the ammunition on the center console or knowing about the firearm in the vehicle. AMBRIZ waived his Miranda Rights and denied knowing about the ammunition in the center console before requesting an attorney. AMBRIZ also refused to provide a buccal swab of his DNA when Detectives asked if he was willing to provide a sample. AMBRIZ was booked on a variety of weapons related charges. As explained below, at the time, AMBRIZ was a convicted felon.

## IV. STATEMENT OF PROBABLE CAUSE

A. October 30, 2019 Arrest of AMBRIZ

8. I have reviewed police reports prepared by SAPD Detective G. Bodnar and Crime Scene Investigator M. Maiocco regarding the incident occurring on or about October 30, 2019, involving the arrest of AMBRIZ. Based on my review of the reports and my discussion with Detective Bodnar, I have learned the following facts:

    a. On October 30, 2019, SAPD Detectives G. Bodnar and E. Martinez were working together in a Gang Suppression capacity in a marked SAPD vehicle. At approximately 5:00 p.m., Detective Bodnar and Detective Martinez were travelling eastbound in a known gang neighborhood, which is also the general location where there have been previously reported incidents of assaults, shootings and robberies. As the Gang Detectives were driving down West Brook Street, they observed a White Scion IM, with California license plate number 8KTD161, back out of the driveway to the residence at 1001 West Brook Street, Santa Ana, California. The Scion had tinted front windows and no front license, in violation of the California Vehicle Code. The Scion briefly stopped in the middle of the street before abruptly pulling into the driveway located across the street at 1002 West Brook Street. The Detectives initiated a traffic stop on the vehicle for the aforementioned California Vehicle Code violation.

    b. Initially, as Detective Martinez and Detective Bodnar exited their marked police unit, Detective Bodnar

4

observed the vehicle's reverse lights illuminated, giving the appearance that the driver may attempt to back the vehicle out of the driveway. The driver of the Scion then appeared to shift the vehicle into the drive position and drove forward into the driveway of 1002 West Brook Street. Detective Martinez and Detective Bodnar walked towards the vehicle and heard a loud clanking noise, similar to a metallic object hitting something inside the vehicle. This sound gave the Detectives the impression that the occupant may have been trying to conceal a firearm or other weapon. Detective Martinez contacted the driver, identified as AMBRIZ, a documented West Myrtle Street gang member that both Detectives recognized from prior police contacts. AMBRIZ had a passenger in the vehicle, who was identified as Clarissa Wilkinson. Wilkinson was determined to be the registered owner of the Scion IM AMBRIZ was driving.

    c. Approximately two to three weeks prior to this traffic stop, the SAPD Gang Unit had obtained information that AMBRIZ may be in possession of a firearm. While Detective Martinez was speaking to AMBRIZ on the driver's side of the Scion, Detective Bodnar observed a speed loader for a revolver that appeared to be loaded with live ammunition on the center console. A speed loader is a device used to reduce the time and/or effort needed to reload a firearm. Detective Bodnar alerted Detective Martinez to the presence of the ammunition in the vehicle. Detective Bodnar also noticed that AMBRIZ was acting extremely nervous and not obeying the commands given by Detective Martinez.

5

        d. Based on their belief that AMBRIZ was possibly in the possession of a firearm accompanied by the presence of ammunition in close proximity to AMBRIZ, the Detectives removed AMBRIZ and Wilkinson from the vehicle and placed them in handcuffs. While the Detectives walked AMBRIZ to be placed in a marked police unit, AMBRIZ appeared to speak to himself in apparent disappointment. Wilkinson was also placed in the backseat of a marked police vehicle.

        e. During a search of the vehicle, Detective Bodnar examined the speed loader previously seen on the center console and confirmed that it was loaded with six rounds of .357 caliber Winchester ammunition. Detective Bodnar continued his search and found a revolver in a black holster under the driver's seat, where AMBRIZ was previously seated. Detective S. Lopez, who also arrived to assist with the investigation, assisted with the search and found a clear plastic baggie containing an off white crystal like substance, which resembled methamphetamine, on the rear driver's side floorboard. The substance and its packaging were later found to weigh approximately .3 grams.

        f. SAPD Crime Scene Investigator M. Maiocco responded to the scene and recovered the revolver from under the driver's seat. The revolver was identified as a chrome colored .357 caliber Smith & Wesson revolver with black grips, bearing serial number 9K9736. The revolver was loaded with six rounds of .357 Winchester ammunition similar to the cartridges found in the speed loader on the center console. Investigator Maiocco collected a biological swab from the weapon's trigger, grip and

cylinder release. The e revolver, speed loader and ammunition was later booked into evidence at the Santa Ana Police Department.

  g. Detective Martinez and Detective Bodnar then spoke to Wilkinson, who not handcuffed and understood she was not under arrest. Wilkinson denied knowing a firearm was in her vehicle and denied seeing the ammunition on the center console even though it was located inches away from where she was seated. Wilkinson said her DNA would not be on the firearm and consented to providing a buccal swab, which was later collected by Investigator Maiocco.

  h. Detective Martinez and Detective Bodnar transported AMBRIZ to the Santa Ana Jail, where Detective Bodnar read AMBRIZ his Miranda Rights verbatim from a Santa Ana Police Department Advisement of Rights Form. AMBRIZ acknowledged his rights and denied knowing the ammunition was on the center console before requesting an attorney, which concluded their interview of AMBRIZ. AMBRIZ refused to provide a buccal swab for purposes of DNA comparison.

  i. A records check of the firearm's serial number revealed that it was registered to Christopher Decker out of Azusa, California. Mr. Decker has not been contacted regarding the status of the firearm since the time of AMBRIZ's arrest.

  B. **AMBRIZ's Criminal History**

 9. I have reviewed AMBRIZ's criminal history for felony convictions. Based on my review of those records, I have learned

that AMBRIZ was convicted of the following felonies on or about the dates specified below:

     a. On September 19, 2007, for possession of firearm by probationer, in violation of California Penal Code ("CPC") § 12021(d)(1), and participation in a criminal street gang, in violation of CPC § 186.22(a), in the Orange County Superior Court, Case No. 07CF2617, for which he was sentenced to three years' probation and 270 days in jail;

     b. On May 5, 2009, for grand theft by servant, in violation of CPC § 487(b)(3), in the Orange County Superior Court, Case No. 08CF3161, for which he was sentenced to 2 years in prison;

     c. On October 30, 2012, for possession of a stolen vehicle, in violation of CPC § 496D(a), and obstruction of a public officer, in violation of CPC § 148(a)(1), in the Orange County Superior Court, Case No. 11CF1324, for which he was sentenced to 3 years in prison;

     d. On December 2, 2015, for prohibited person in possession of ammunition, in violation of CPC § 30305(a)(1), and felon in possession of a firearm, in violation of CPC § 29800(a)(1), in the Orange County Superior Court, Case No. 14CF1792, for which he was sentenced to 3 years in prison; and

     e. On October 31, 2017, for felon in possession of a firearm, in violation of CPC § 29800(a)(1), and for armed felon

with prior violent offense, in violation of CPC § 29900(a)(1), in the Orange County Superior Court, Case No. 16CF3238, for which he was sentenced to 16 months in prison.

### C. Interstate Nexus

10. On December 4, 2019, I contacted FBI Special Agent ("SA") and Firearms Instructor, Arrin Langdon, regarding the weapon and ammunition recovered in this case. On December 4, 2019, SA Langdon examined the firearm and ammunition seized as evidence by SAPD on October 30, 2019, for purposes of determining whether the firearm and ammunition had traveled in interstate or foreign commerce. During his review of the firearm and ammunition, SA Langdon determined that the firearm and ammunition recovered during the aforementioned traffic stop were the following:

11. A Smith and Wesson, model 66, .357 caliber revolver bearing serial number 9K9736. Based on SA Langdon's review of the firearm, SA Langdon informed me that the revolver was manufactured in Massachusetts. SA Langdon determined that the firearm is a firearm as defined in Title 18, United States Code, Chapter 44, Section 921(a)(3) and had to have moved through interstate commerce given that it was recovered in California.

12. Twelve rounds of .357 caliber ammunition, stamped "Winchester .357 MAG." Based on SA Langdon's review of the ammunition, SA Langdon informed me that it was manufactured in either Mississippi, Illinois or internationally. SA Langdon determined that the ammunition identified in this report is ammunition as defined in Title 18, United States Code, Chapter

9

44, Section 921(a)(17)(A), and had to have moved through either interstate or foreign commerce given that it was recovered in California.

## V. CONCLUSION

13. For all the reasons described above, there is probable cause to believe that AMBRIZ has committed a violation of Title 18, United States Code, Section 922(g)(1) (felon in possession of a firearm).

/s/
_____
FARSHID HASHEMPOUR
Task Force Officer, FBI
Detective, SAPD

Subscribed to and sworn before me this 6 day of December 2019.

AUTUMN D. SPAETH
_____
HONORABLE AUTUMN D. SPAETH
UNITED STATES MAGISTRATE JUDGE